UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR ALAVI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ALBANY, et al., <br><br> Defendants. | Case No.17-cv-04014-HSG <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 8 |

Pending before the Court is Defendants' motion to dismiss Plaintiffs' Complaint. Dkt. No. 8. For the reasons set forth below, the Court **GRANTS** Defendants' motion with **LEAVE TO AMEND** certain claims.[1]

## I. BACKGROUND

### A. Factual Allegations

Plaintiffs Medhi Alavi ("Medhi") and Amir Alavi ("Amir") bring this action under 42 U.S.C. § 1983 and California law, and name as defendants the City of Albany ("the City") and several City police officers: Jose Lara, John Geissberger, Michael Larrick, Arthur Pagsolingan, Willis Christopher, Larry Longley, John Constenbader, and police chief Mike McQuiston ("the Police Defendants," and, collectively with the City, "Defendants"). Dkt. No. 1 ("Complaint" or "Compl.") ¶¶ 1, 4. Plaintiffs also name Parvin Zare Seaver ("Seaver"), *id.* ¶ 4, who is not among the defendants bringing this motion. For the purposes of this motion, the Court takes the following allegations to be true.

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

### 1. Allegations by Medhi Alavi

On January 7, 2016, Medhi reported to Defendants that Seaver "took, among other things, collectible watches, coins and jewelry (worth more than $250,000.00) from [his] home in Albany, California, without his knowledge, consent, or permission." *Id.* ¶ 9.[2] In September 2016, Medhi discovered that Defendants "misrepresented to him that they had referred his case to the Alameda County District Attorney for certain prosecution." *Id.* The following month, on October 9, Plaintiffs allege that despite Defendants' assurances that "their investigation was progressing in an appropriate manner and producing favorable results," Medhi obtained the relevant police report and concluded that Defendants "had in fact failed and refused to conduct a proper investigation of his meritorious theft claim against [Seaver] by failing to cultivate evidence based upon information he provided and by misrepresentation of their efforts in response to his reasonable inquiries." *Id.*

On February 13, 2017, Medhi filed a Claim Against Public Entity, naming the City, Lara, Geissberger, Larrick, Pagsolingan, and McQuiston. Compl., Ex. A.[3] In the Claim, Medhi alleged this subset of Defendants was "negligent" as to their investigation of Seaver for the reasons stated above. *Id.* at 8 (ECF pagination). He also alleged that Defendants "defraud[ed]" him "as to the status of [the] investigation and actions taken in response," and "violat[ed] his civil rights by deliberately failing and refusing to conduct a reasonable investigation into his allegations on the basis of his religion (Islam), race (Persian) and national origin (Iranian)." *Id.* Medhi further alleged that Defendants "had an improper relationship with [Seaver]," and that Defendants' actions "were taken pursuant to their policy of directing and instructing its police department either to deliberately ignore the claims of persons like [Medhi] and those similarly situated or by directing and instructing its police department to conduct only cursory investigations of said

---

[2] Plaintiffs are unclear regarding whether these allegations relate only to conduct by the Police Defendants, or whether it applies to Defendants as a whole.
[3] "A court generally looks only to the face of the complaint when ruling on a motion to dismiss, but may consider certain documents attached to the complaint[ or] incorporated by reference . . . without converting the motion to dismiss into a motion for summary judgment." *Harris v. R.J. Reynolds Vapor Co.*, No. 15-cv-04075-JD, 2016 WL 6246415, at *2 (N.D. Cal. Sept. 30, 2016) (citing *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003)).

claims without a genuine motivation to seek criminal charges . . . ." *Id.* The City rejected his claim on May 5, 2017 after its investigation "revealed no indication of liability" on its part. *See* Compl., Ex. C at 14 (ECF pagination).

### 2. Allegations by Amir Alavi

On May 9, 2016, Amir reported to Defendants that Seaver had forged his name on a promissory note for $585,000 "with the intent of improperly lodging" the note against property owned by Amir. Compl. ¶ 10. On September 22, 2016, after receiving assurances similar to those received by Medhi that Defendants' "investigation was progressing in an appropriate manner and producing favorable results," Amir obtained a police report and—as Medhi did—concluded that Defendants had failed to sufficiently cultivate evidence and misrepresented their efforts. *See id.* On May 12, 2016, Amir failed a Claim Against Public Entity that named the City, Christopher, Longley, Constenbader, and McQuiston. *See* Compl., Ex. B. Amir's allegations as to Defendants' investigation of his claim were identical to those alleged by Medhi. *See id.* The City took no action on Amir's claim because it was untimely. *See* Compl., Ex. D.

### B. Procedural Posture & Causes of Action

Plaintiffs filed the Complaint on July 17, 2017. Dkt. No. 1. Defendants filed this motion to dismiss on September 7, 2017. Dkt. No. 8 ("Mot."). Plaintiffs filed their opposition on September 25, 2017, Dkt. No. 14 ("Opp."),[4] and Defendants replied on October 2, 2017, Dkt. No. 18.

Plaintiffs fail to clearly enumerate their causes of action, but appear to bring a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment. *See* Compl. ¶ 1.[5] They also assert multiple causes of action under California law, namely negligent and intentional misrepresentation, negligent and intentional infliction of emotional distress, and defamation (both libel and slander). *See id.* ¶ 18. Plaintiffs seek compensatory and punitive damages, as well as costs. *See id.* at 5 (prayer for relief).

---

[4] Plaintiffs also filed what appears to be a duplicate opposition brief. *See* Dkt. No. 15.
[5] Plaintiffs initially asserted a claim under the Eighth Amendment, *see* Compl. ¶ 1, but withdrew it in their opposition brief, *see* Opp. at 6. The Court therefore dismisses this claim without leave to amend.

3

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation and internal quotation marks omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (enumerating list of reasons to deny leave to amend, including futility, undue delay, bad faith, and "repeated failure to cure deficiencies by amendments previously allowed").

## III. DISCUSSION

Defendants move to dismiss the entire Complaint with prejudice. The Court accordingly considers each cause of action in turn, and then concludes by considering whether amendment should be permitted.

### A. Plaintiffs Fail to Allege Sufficient Facts to Support Their Claims Under Section 1983.

Plaintiffs do not clearly formulate their section 1983 claims. Defendants, on the other hand, characterize Plaintiffs' causes of action under section 1983 as (1) a claim against the Police Defendants for violation of the Equal Protection Clause of the Fourteenth Amendment, and (2) a *Monell* claim against the City. *See* Mot. at 4-7, 11-13. Because Plaintiffs do not dispute this construction of their claims, the Court so construes them.

#### 1. Plaintiffs fail to allege facts showing that Defendants intentionally discriminated against them based on their membership in a protected class.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

Reading Plaintiffs' claims in the most favorable light, the Court finds that they have failed to allege that the Police Defendants violated their right to equal protection under the Fourteenth Amendment. Rather, Plaintiffs set forth a single conclusory allegation that the Police Defendants' allegedly "careless" investigations and misrepresentations regarding those investigations evinced a deliberate failure by Defendants that was "based upon [Plaintiffs'] religion (Islam), race (Persian) and national origin (Iranian)." *See* Compl. ¶ 11. Nowhere do Plaintiffs allege plausible facts supporting the contention that the Police Defendants intentionally "failed and refused to conduct a proper investigation" of their claims based on those classifications. *See* Compl. ¶¶ 9-10. Nor do Plaintiffs use their opposition as an opportunity to elaborate on their claim. Instead, they state their self-referential argument in a single paragraph, contending that "it was explicitly stated in the Complaint that . . . [Defendants] acted with the pre-requisite intent or purpose to discriminate by

5

their actions." *See* Opp. at 6. The portion of the Complaint they cite, in turn, merely describes Plaintiffs' reports to police regarding Seaver's conduct, followed by the legal conclusion that Defendants violated Plaintiffs' constitutional rights in their handling of the investigation. *See* Compl. ¶¶ 9-11. For purposes of stating a claim under section 1983, that is insufficient. Defendants' motion is therefore granted as to Plaintiffs' section 1983 claim against the Police Defendants.

### 2. Plaintiffs' *Monell* claim fails because it is derivative of their failed section 1983 claim against the Police Defendants.

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690-91 (1978)). Such a "*Monell* claim" is "premised on a violation of [a plaintiff's] constitutional rights." *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). Where a plaintiff has failed to allege a violation of his constitutional rights, "he cannot maintain derivative constitutional claims based on that conduct." *See id.* (describing a *Monell* claim as a type of derivative constitutional claim). Plaintiffs fail to plead sufficient facts supporting their allegations that the Police Defendants' violated their rights under the Equal Protection Clause of the Fourteenth Amendment. Accordingly, under *Yagman*, Plaintiffs' derivative *Monell* claim must be dismissed for failure to state a claim.

### B. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiffs' Remaining State Law Claims.

The only basis for subject matter jurisdiction over Plaintiffs' state law claims is supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). But the Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-

law claims." *Id.* (citation omitted) (original brackets). The Court accordingly so declines, and dismisses Plaintiffs' state law claims without prejudice.

### C. Plaintiffs Should Be Granted Leave to Amend Their Complaint.

The Court will grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (citation omitted). Here, the key question is whether Plaintiffs can plead sufficient facts not only to state a claim, but to overcome Defendants' immunity defense. The Court considers Plaintiffs' federal and state causes of action in turn.

#### 1. Plaintiffs could amend the Complaint to plead sufficient facts to overcome Defendants' qualified immunity defense.

Defendants contend that even if Plaintiffs had stated a claim under section 1983, it would be precluded by the qualified immunity doctrine. *See* Mot. at 7-11. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Government officials are entitled to qualified immunity from civil damages "unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mitchell v. Wash.*, 818 F.3d 436, 443 (9th Cir. 2016) (quoting *Harlow*, 457 U.S. at 818). Accordingly, to determine whether a defendant is entitled to qualified immunity, a court "must determine whether: (1) the facts adduced constitute the violation of a constitutional right; and (2) the constitutional right was clearly established at the time of the alleged violation." *See id.* (quoting *Pearson*, 555 U.S. at 232).

Plaintiffs must therefore be able to allege in the First Amended Complaint facts showing that (1) their constitutional rights were violated and (2) that the latter rights were "clearly established" in order to be able to overcome the qualified immunity defense; otherwise, amendment would be futile and improper.[6] *See Foman*, 371 U.S. at 182. Defendants are correct

---

[6] Indeed, in their opposition, Plaintiffs do not contend with Defendants' qualified immunity defense at all, opting instead to request that the Court allow them to amend their Complaint.

7

that Plaintiffs cannot contend they have a clearly established constitutional right to have the police investigate their claims to their liking. *See Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1247 (9th Cir. 1987) ("[G]enerally, the due process clause of the Constitution does not protect a member of the public at large from the criminal acts of a third person, even if the state was remiss in allowing the third person to be in a position in which he might cause harm to a member of the public, at least in the absence of a special relationship between the victim and the criminal or between the victim and the state.") (quoting *Wright v. City of Ozark*, 715 F.2d 1513, 1515 (11th Cir. 1983)). Plaintiffs do, however, have "a constitutional right . . . to have police services administered in a nondiscriminatory manner—a right that is violated when a state actor denies such protection to disfavored persons." *Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000); *see also Elliot-Park v. Manglona*, 592 F.3d 1003, 1008 (9th Cir. 2010) ("The right to non-discriminatory administration of protective services is clearly established."). While Plaintiffs failed to plead sufficient facts supporting such an allegation, *see* Compl. ¶ 11, the Court is not convinced that they are categorically unable to do so if given an opportunity to amend the Complaint. Were Plaintiffs to sufficiently plead that Defendants failed to investigate their claims due to their religion, race, or national origin, they conceivably could overcome Defendants' qualified immunity defense.

Additionally, if Plaintiffs successfully amend their section 1983 claim against the Police Defendants, their *Monell* claim against the City would no longer be precluded as a matter of law. To sufficiently allege a *Monell* claim, Plaintiffs must plead facts showing

> (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.

*See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citation and internal quotation marks omitted) (original brackets). Again, while the Complaint does not come close to meeting the standard set forth in *Plumeau*—not least because Plaintiffs failed to sufficiently allege the prerequisite constitutional violations—the Court cannot say that amendment would be futile.

Plaintiffs are therefore granted leave to amend their federal claims.

> **2. If Plaintiffs amend their federal claims to state a claim, the Court may have a basis for exercising supplemental jurisdiction over their state law claims.**

In declining to exercise supplemental jurisdiction over Plaintiffs' state law claims, the Court dismissed those claims without prejudice. Plaintiffs are therefore free to plead those claims again in the First Amended Complaint, but should be aware that—as here—the Court will not exercise supplemental jurisdiction unless they plead sufficient facts supporting their *federal* claims upon amendment. Of course, even if the Court does exercise supplemental jurisdiction over the state law claims, Plaintiffs still must then sufficiently plead those claims in order to survive a motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** as follows:

1. Plaintiffs' section 1983 claims based on the Equal Protection Clause of the Fourteenth Amendment are **DISMISSED WITH LEAVE TO AMEND**.

2. Plaintiffs' section 1983 claims based on the Eighth Amendment are **DISMISSED WITH PREJUDICE**.

3. Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs are directed to file a First Amended Complaint in accordance with the discussion above no later than 28 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: 1/22/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge