UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR ALAVI, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF ALBANY, et al.,<br><br>　　　　Defendants. | Case No.17-cv-04014-HSG<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>Re: Dkt. No. 32 |

Pending before the Court is a motion to dismiss by Jose Lara, John Geissberger, Michael Larrick, Arthur Pagsolingan, Willis Christopher, Larry Longley, John Constenbader, and Mike McQuiston ("the Police Defendants"), as well as the City of Albany ("the City," and collectively with the Police Defendants, "Defendants"). Dkt. No. 32. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

## I.　DISCUSSION

In their initial Complaint, Plaintiffs Amir Alavi and Medhi Alavi alleged claims under 42 U.S.C. § 1983, including (1) a claim against the Police Defendants for violating the Equal Protection Clause of the Fourteenth Amendment, (2) a derivative *Monell* claim against the City, and (3) a claim under the Eighth Amendment. Plaintiffs also alleged various causes of action under state law. On Defendants' motion, the Court dismissed Plaintiffs' section 1983 claims with leave to amend, finding that their allegations of discrimination were conclusory, and that they failed to allege plausible facts supporting their contentions that the Police Defendants violated the Equal Protection Clause or that the City was liable under *Monell*. *See* Dkt. No. 29 at 5-6. Additionally, because Plaintiffs had withdrawn their Eighth Amendment claim, *see* Dkt. No. 14 at 6, the Court dismissed that claim with prejudice, *see* Dkt. No. 29 at 9. Last, the Court declined to

exercise supplemental jurisdiction over Plaintiffs' remaining state law claims because none of Plaintiffs' federal claims survived, and accordingly dismissed those claims without prejudice. *See id.* at 6-7.

Plaintiffs' First Amended Complaint fares no better. *See* Dkt. No. 31 (First Amended Complaint, or "FAC"). Plaintiffs allege no additional facts that would allow them to state a claim under section 1983, opting again for wholly conclusory assertions. *See* FAC ¶¶ 15 (alleging that Defendants failed to investigate Medhi Alavi's claims "based upon the policy of the CITY and its police officers to intentionally discriminate against him and those similarly situated due to race (Persian), religion (Islam), and national origin (Iranian)"); 20 (alleging same regarding Defendants' failure to investigate Amir Alavi's claims); 22 (alleging that "actions of the defendant police officers were a reflection of the CITY's deliberate indifference to plaintiffs and those similarly situated, to wit: due to race (Persian), religion (Islam), and national origin (Iranian)"). Further, because Plaintiffs' *Monell* claim is derivative of their failed section 1983 claim as a matter of law, their *Monell* claim also fails. *See Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). Inexplicably, Plaintiffs also appear to re-allege their claim under the Eighth Amendment, *see* FAC ¶ 1, despite the Court's previous unambiguous dismissal of that claim with prejudice, *see* Dkt. No. 29 at 9. This claim remains dismissed with prejudice.

In its order granting Defendants' first motion to dismiss, the Court also informed Plaintiffs that if they chose to amend, they would be required to plead sufficient facts showing not only that their constitutional rights were violated, but that those rights were "clearly established" such that Plaintiffs could overcome Defendants' qualified immunity defense. *See* Dkt. No. 29 at 7. Plaintiffs did none of that, instead filing a FAC that was materially identical to the initial defective Complaint.

Dismissal without leave to amend is appropriate here given Plaintiffs' comprehensive failure to plead any of these claims sufficiently, in their initial or amended complaint. When asked at oral argument, counsel for Plaintiffs was completely unable to articulate what additional facts they could allege if granted leave to file a Second Amended Complaint—despite the fact that Plaintiffs' opposition, which they filed more than two months ago, contained several boilerplate

requests for an opportunity to amend in order to supplement the FAC as necessary. *See* Dkt. No. 37 at 6-7, 8-9. Instead, counsel suggested that such facts could be developed "through discovery," which plainly ignores the requirements of *Twombly*. Accordingly, the Court denies Plaintiffs' requests for leave to amend. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'") (citation omitted); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal without leave to amend where court advised plaintiff of pleading deficiencies but plaintiff failed to correct those deficiencies in amended pleading).

Finally, because none of the claims over which the Court has original jurisdiction survive Defendants' renewed motion to dismiss, the Court again declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses those claims without prejudice. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion. Plaintiffs' claims under section 1983 are **DISMISSED WITH PREJUDICE**, and their claims under state law are **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: June 8, 2018

HAYWOOD S. GILLIAM, JR.
United States District Judge